W. F. HEMPSTEAD and A. F. Hempstead, d/b/a Dunn's Boat Yard, Libelants,

v.

THE Yacht ESCAPADE ex The Thor II, her engines, etc. and Howard Bond, her owner, Respondents,

Allied Marine Corporation, a Florida corporation, Intervenor,

Reliance Insurance Company, Third-Party Respondent.

No. 1584–M.

United States District Court
S. D. Florida,
Miami Division.

June 3, 1959.

David M. Turner, Miami, Fla., for libelants.

W. F. Parker, Miami, Fla., for respondents.

Robert M. Thomson, South Miami, Fla., for intervenor.

Smathers, Thompson & Dyer, Miami, Fla., for third-party respondent.

LIEB, District Judge.

This is a suit in rem against the vessel and in personam against its owner, Bond, by the libelant to recover a contract salvage award and by intervening libelant to recover repairs made to the vessel subsequent to the time it was salved. Respondent, Bond, had impleaded his hull insurer, Reliance, claiming that under the provisions of such policy the insurer is primarily liable for such claims.

### Findings of Fact

1. Libelants, W. F. Hempstead and A. F. Hempstead, comprise the co-proprietorship, d/b/a Dunn's Boat Yard, in Miami, Florida.

2. Intervenor, Allied Marine Corporation, is a Florida corporation, with its principal place of business in Miami, Florida.

3. Respondents are the yacht Escapade, formerly known as Thor II, and her claimant-owner, Howard Bond, a resident of Miami, Florida, and engaged in business therein as yacht broker.

4. Third-party respondent, Reliance Insurance Company, formerly known as Fire Association of Philadelphia, is a corporation organized and existing under the laws of Pennsylvania.

5. Libel of the Hempsteads is in rem against the vessel and in personam against Bond on a claim of contract salvage of the Escapade.

6. Intervening libel of Allied Marine Corporation is in rem against the vessel and in personam against Bond on a claim for repairs of the Escapade after the salvage operation was completed.

7. Third-party libel (and a pleading denominated a cross-claim) in legal effect alleges that the third-party respondent is liable directly to original libelant and intervening libelant or in the alternative, if respondent Bond is liable on original and intervening libel, third-party respondent is liable over to Bond under the provisions of its hull insurance policy.

8. Respondent, Bond, by letter dated February 12th, authorized the Hempsteads to salvage his yacht, then lying stranded in the Bahamas.

9. It is stipulated that the Hempsteads, through their servants, agents, and employees performed the salvage operations as authorized.

10. It is stipulated that a fair and reasonable sum in payment of the salvage contract is $2,700.

11. Respondent, Bond, authorized Allied Marine Corporation to perform the repairs for which Allied Marine Corporation now sues.

12. The work authorized by Bond as owner was duly performed on the Thor

II (Escapade) by Allied Marine Corporation.

13. It is stipulated that a fair and reasonable charge for work performed by Allied Marine Corporation is $1,288.17.

14. Reliance Insurance Company, formerly Fire Association of Philadelphia, never entered into a contract, express or implied, with either libelant or intervening libelant.

15. There was in existence at all pertinent times, as determined in companion case, Bond v. Reliance Insurance Co., D. C., 173 F.Supp. 828, a valid hull insurance policy, issued by Reliance Insurance Company to Howard Bond.

16. Said hull policy contained as part of its terms a "sue and labor clause."

## Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter.

2. Libelants, W. F. Hempstead and A. F. Hempstead, d/b/a Dunn's Boat Yard, are entitled to a judgment against the vessel, Thor II (Escapade) and its owner, Howard Bond, in the sum of $2,700, plus interest and costs. Claim of libelants, W. F. Hempstead and A. F. Hempstead d/b/a Dunn's Boat Yard, is superior to and has priority over the claim of intervening libelant.

3. Intervening libelant, Allied Marine Corporation, is entitled to recover a judgment against the vessel, Thor II (Escapade), and its owner, Howard Bond, in the sum of $1,288.17, plus interest and costs. Claim of intervening libelant, Allied Marine Corporation, is inferior and subordinate to claim of libelants.

4. Howard Bond, claimant-owner, is entitled to a judgment against third-party respondent, Reliance Insurance Company, to reimburse him for expenses of recovering the vessel under the "sue and labor clause" of this policy, such expenses being the amount of his liability to W. F. Hempstead and A. L. Hempstead for salvage charges, if and when Bond personally satisfies this liability.

5. The so-called "Cross-claim" of Howard Bond against Reliance Insurance Company is dismissed with prejudice, as not within the sue and labor clause.

6. A consolidated decree is to be submitted on notice.